IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JESSE KENNETH PRATHER,　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　Petitioner,　　　　　　　　§
　　　　　　　　　　　　　　　　　§
V.　　　　　　　　　　　　　　　　§　　CIVIL ACTION NO. H-08-3416
　　　　　　　　　　　　　　　　　§
NATHANIEL QUARTERMAN, TEXAS　　　 §
DEPARTMENT OF CRIMINAL　　　　　　 §
JUSTICE, CORRECTIONAL　　　　　　　§
INSTITUTIONS  DIVISION,　　　　　　 §
　　　　　　　　　　　　　　　　　§
　　　　Respondent.　　　　　　　　 §

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is

Respondent's Motion for Summary Judgment (Document No. 13) against Petitioner's Federal

Application for Writ of Habeas Corpus (Document No. 1).   Having considered the motion, the

response in opposition (Document Nos. 27 & 28), the claims raised by Petitioner in his § 2254

Application (Document No. 1), the state court records, and the applicable law, the Magistrate Judge

RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment

(Document No. 13) be GRANTED, that Petitioner's Federal Application for Writ of Habeas Corpus

(Document No. 1) be DENIED, and that this case be DISMISSED WITH PREJUDICE.


I.　　**Introduction and Procedural History**

Jesse Kenneth Prather ("Prather") is currently incarcerated in the Texas Department of

Criminal Justice, Correctional Institutions Division, as a result of a 2006 felony conviction in the

262nd District Court of Harris County, Texas, for possession with intent to deliver a controlled

substance, Cause No. 1034927.  Prather was charged by Indictment with that offense on September 29, 2005.  The Indictment also alleged, for enhancement purposes, two prior felony convictions.  On January 9, 2006, Prather was found guilty by a jury.  The trial court, following a punishment hearing, found the enhancement allegations in the Indictment to be true, and sentenced Prather to life imprisonment.  Prather's conviction was affirmed on appeal on December 21, 2006.  *Prather v. State*, No. 01-06-00033-CR.  Prather's petition for discretionary review was refused on August 22, 2007.

On August 15, 2008, Prather filed a state application for writ of habeas corpus.  That application was denied by the Texas Court of Criminal Appeals on October 8, 2008, on the findings of the state trial court without a hearing.  *Ex parte Prather*, Application No. WR-31,418-05.  This § 2254 proceeding, filed by Prather on or about November 12, 2008, followed.  Respondent has filed a Motion for Summary Judgment (Document No. 13), to which Prather has filed a response and a declaration in opposition (Document Nos. 27 & 28).  This § 2254 proceeding is therefore ripe for ruling.

## II.   **Factual Background**

The Texas Court of Appeals, in its written opinion affirming Prather's conviction, set forth the factual background as follows:

> In July of 2005, [Prather] went to a modeling studio.  A model complained to Rene Flores, who was managing the studio that day, that [Prather] was smoking crack cocaine in the modeling room.  Flores asked [Prather] to leave, but when [Prather] became angry and threatened Flores, Flores refunded [Prather's] money and called the police.  While Flores was calling the police, [Prather] remained awhile in the studio lobby, but soon exited the studio and stood outside.  Houston Police Department ("HPD") Officer Mark Jenkins responded and arrived within a few minutes.  When he patted down [Prather], Officer Jenkins found two bags containing 7.7 grams of crack cocaine in [Prather's] pocket.

The jury was charged on both the charged offense of possession with intent
to deliver and on the lesser offense of possession.  The jury found [Prather] guilty of
the charged offense of possession with intent to deliver.

*Prather v. State*, No. 01-06-00033-CR at 2.

In addition to the factual background set forth by the Texas Court of Appeals, the record

shows that Flores testified at trial that he smelled a burning substance in the modeling room where

Prather was, believed from Prather's appearance and behavior that he was under the influence of

narcotics, observed Prather gather up what he believed was drug paraphernalia, and heard Prather

offering to sell drugs while he was in the lobby of the modeling studio.  S.F. Vol. 5 at 20-21.[1]  The

record also shows that Officer Jenkins testified that Prather told him, after patting him down for

weapons, "I might as well tell you now that's my private stash."  S.F. Vol. 5 at 40.

**III.    Claims**

---

[1] Flores testified as follows:

Q: What was the defendant doing while you were calling the police?

A: During this time, there was also customers coming in.  And when the customer
would come in he would ask them if they wanted to score, and at that time the
customers would leave.

Q: He was asking if they wanted to score.  What did you take that to mean?

A:  I guess sell drugs.

S.F. Vol. 5 at 20-21.

Prather raises a multitude of claims in his § 2254 application:

1.    that he was denied due process;

2.    that the jury was given a coercive *Allen* charge;

3.    that the State engaged in the willful, bad faith destruction of exculpatory evidence;

4.    that the trial judge should have been disqualified because he was biased;

5.    that he was subjected to an unconstitutional search and seizure;

6.    that evidence was obtained though an unlawful detention and arrest;

7.    that he was subjected to malicious and vindictive prosecution;

8.    that the prosecutor engaged in misconduct;

9.    that the State manufactured evidence and offered perjured testimony;

10.    that the appellate record was incomplete;

11.    that he was denied effective assistance of counsel on appeal;

12.    that his conviction is in violation of the new sentencing guidelines; and

13.    that his judgment and conviction are void.

All of these claims were raised by Prather in his state application for writ of habeas corpus.  None, however, was raised on direct appeal.  Prather alleges in his § 2254 application that his claims were not raised in his direct appeal as a result of the ineffectiveness of his appellate counsel.  In addition, Prather maintains that he was not afforded a sufficient review of his claims in the state habeas proceeding.

Respondent argues in his Motion for Summary Judgment that no relief is available to Prather on claims 1-10, and 12-13 because the Texas Court of Criminal Appeals rejected those claims on the

basis of a state law procedural bar and Prather has not made the showing necessary to overcome the procedural bar.  With respect to claim 11, the ineffective assistance of appellate counsel claim, Respondent maintains that no relief is available on that claim under § 2254(d) because the Texas Court of Criminal Appeals' rejection of the claim is not contrary to or an unreasonable application of clearly established Federal law.

IV.    **Standard of Review**

    A.       **State Law Procedural Bar**

Federal courts are precluded from considering claims which were rejected by the last state court to have considered them on the basis of a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).  In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds. *Harris*, 489 U.S. at 261; *Michigan v. Long*, 463 U.S. 1032, 1042 (1983).  Once a state court has relied on a procedural default for rejecting a habeas claim, a federal court in a federal habeas proceeding cannot review such a claim unless the petitioner shows cause and prejudice associated with the default or shows that absent a review of the claim by a federal court a fundamental miscarriage of justice will result. *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir.) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), *cert. granted*, 502 U.S. 965 (1991), *and aff'd*, 505 U.S. 333 (1992).

**B.**     **§ 2254(d)**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited. 28 U.S.C. § 2254(d) provides:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.' " *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams*, 529 U.S. at 405-406). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal

habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.  Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  28 U.S.C. § 2254(d)(2) (2000).  In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1) (2000).  *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd,* 124 S.Ct. 1652 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding.  Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Woodford*, 534 U.S. at 27 ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.").  Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative.  In addition, the correctness of the state court's decision is not determinative.  As

instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003),

"[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the

state court's decision must have been more than incorrect or erroneous. . . . The state court's

application must have been 'objectively unreasonable.'" (citations omitted).  Moreover, it is the state

court's ultimate decision that is to be reviewed for reasonableness, not its reasoning.  *Neal v. Puckett*,

286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346

F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004).


**V.**     **Discussion**

      **A.**     **Procedurally Barred Claims**

      As set forth above, all the claims Prather raises herein were raised by him in his state

application for writ of habeas corpus.  Each claim, other than the ineffective assistance of appellate

counsel claim, was rejected by the Texas Court of Criminal Appeals on state law procedural grounds.

The Texas Court of Criminal Appeals rejected the claims as follows:

> 1.     Applicant's claim that his conviction was received in violation of federal and
> state constitutional laws and principles of due process is a record claim which should
> have been raised by Applicant on direct appeal; therefore, Applicant is procedurally
> defaulted from litigating this issue by way of habeas.  *See Ex parte Gardner*, 959
> S.W.2d 189, 199 (Tex. Crim. App. 1998) Baird, J., concurring).
>
>               * * *
>
> 3.     Applicant's claim that his conviction was secured and obtained by an unduly
> coercive and induced *Allen* charge is a record claim which should have been raised by
> Applicant on direct appeal; therefore, Applicant is procedurally defaulted from
> litigating this issue by way of habeas.  *Gardner*, 959 S.W.2d at 199.
>
> 4.     Applicant's claim that he was harmed by the bad faith destruction of material
> exculpatory evidence, namely a surveillance tape, is a record claim which should have
> been raised by Applicant on direct appeal; therefore, Applicant is procedurally
> defaulted from litigating this issue by way of habeas.  *Gardner*, 959 S.W.2d at 199.

5.      Applicant's claim that the trial court's bias caused him harm is a record claim which should have been raised by Applicant on direct appeal; therefore, Applicant is procedurally defaulted from litigating this issue by way of habeas.  *Gardner*, 959 S.W.2d at 199.

* * *

7.      Applicant's claims that he was harmed by an illegal search ans seizure and by evidence gained pursuant to an unlawful custody and arrest that was lacking in probable cause are record claims which should have been raised by Applicant on direct appeal; therefore, Applicant is procedurally defaulted from litigating these issues by way of habeas. *Gardner*, 959 S.W.2d at 199.

8.      In the alternative, challenges to probable cause supporting search and seizure are not cognizable in habeas proceedings. *Ex parte Kirby*, 492 S.W.2d 579, 580-81 (Tex. Crim. App. 1973).

9.      Applicant's claim that his conviction was secured by perjured testimony is a record claim which should have been raised by Applicant on direct appeal; therefore, Applicant is procedurally defaulted from litigating this issue by way of habeas. *Gardner*, 959 S.W.2d at 199.

* * *

11.      Applicant's claim that he was harmed by prosecutorial misconduct is a record claim which should have been raised by Applicant on direct appeal; therefore, Applicant is procedurally defaulted from litigating this issue by way of habeas. *Gardner*, 959 S.W.2d at 199.

* * *

13.      Applicant's claim that he was harmed by the trial court's failure to take or maintain a complete transcript of his *Faretta* hearing is a record claim which should have been raised by Applicant on direct appeal; therefore, Applicant is procedurally defaulted from litigating this issue by way of habeas. *Gardner*, 959 S.W.2d at 199.

* * *

17.      Applicant's claim that his sentence is illegal in that it was obtained in violation of the new federal sentencing guidelines is a record claim which should have been raised by Applicant on direct appeal; therefore, Applicant is procedurally defaulted from litigating this issue by way of habeas.  *Gardner*, 959 S.W.2d at 199.

* * *

19.     Applicant's claim that the judgment and sentence against him is legally void is a record claim which should have been raised by Applicant on direct appeal; therefore, Applicant is procedurally defaulted from litigating this issue by way of habeas. *Gardner*, 959 S.W.2d at 199.

*Ex parte Prather*, No. WR-31,418-05, at 79-82.

Prather argues, presumably in an attempt to overcome the state procedural defaults, that his appellate counsel's ineffectiveness is "cause" for his default, and that such ineffectiveness affected both the integrity and outcome of his appeal.[2]  While ineffective assistance of appellate counsel may suffice as cause and prejudice to overcome a state procedural default,  *Murray v. Carrier*, 477 U.S. 478, 488-492 (1986), no showing has been made herein that appellate counsel was ineffective.[3]

Claims of ineffective assistance of appellate counsel are assessed under the same two part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994).  With respect to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *see also Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous

---

[2] Prather also argues in response to the Motion for Summary Judgment that the Texas Court of Criminal Appeals did not clearly reject these claims on the basis of procedural defaults. As set forth above, the Texas Court of Criminal Appeals denied Prather's state application for writ of habeas corpus on the findings of the state trial court.  The Texas Court of Criminal Appeals, consequently, adopted the findings and conclusions of the state trial court as its own, and explicitly  rejected Prather's claims on the basis of Prather's procedural defaults.

[3] Even in connection with an assessment of whether appellate counsel's performance can suffice as " cause" to overcome a state procedural default, this Court is bound by the dictates of § 2254(d) and should only review the Texas Court of Criminal Appeals' rejection of the ineffectiveness claim to determine whether the rejection is contrary to or an unreasonable application of clearly established Federal law, or is based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

10

ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989).  Rather, "[a]ppellate counsel is obligated only to raise and brief those issues that are believed to have the best chance of success." *Rose v. Johnson*, 141 F.Supp.2d 661, 704-705 (S.D. Tex. 2001).  "It is not only reasonable but effective for counsel on appeal to winnow out weaker arguments and focus on a few key issues." *Mayo v. Lynaugh*, 882 F.2d 134, 139 (5th Cir. 1989), *modified on other grounds*, 893 F.2d 683 (5th Cir. 1990), *cert. denied*, 502 U.S. 898 (1991).  "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

As for *Strickland's* prejudice prong, in the context of an ineffective assistance of appellate counsel claim, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001).   When the claim of ineffective assistance of appellate counsel is based on counsel's failure to raise a claim or issue on appeal, prejudice is established if it is shown "that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue" and "that the attorney's deficient performance led to a fundamentally  unfair and unreliable result." *Id.*  at 474-75.

Here, the record shows that Prather's appellate counsel, Ted Doebbler, raised two issues on appeal: that the evidence was legally and factually insufficient, and that the trial court erred by allowing Prather to represent himself without first holding a *Faretta*[4] hearing.  While Prather argues at length that appellate counsel should have raised all of the claims Prather asserts in this § 2254

---

[4] *Faretta v. California*, 422 U.S. 806, 819 (1975).

proceeding, Prather has not shown that any of the claims, singly or in combination, would have affected the outcome of his appeal. Moreover, Prather has made no showing that the claims his appellate counsel did raise were appreciably weaker than the claims Prather now maintains should have been raised. Many of the claims Prather raises herein, including his claim that he was denied due process (claim 1), that the trial judge was biased and should have been disqualified (claim 4), that he was subjected to malicious and vindictive prosecution (claim 7), that the prosecutor engaged in misconduct (claim 8), that the State manufactured evidence and offered perjured testimony (claim 9), that his conviction is in violation of the new sentencing guidelines (claim 12), and that his judgment and conviction are void (claim 13), are vague, conclusory and unsupported by any allegations or evidence. These vague and conclusory claims would have been rejected as such on appeal. TEX. R. APP. P. 38.1; *Gonzales v. State*, 831 S.W.2d 347, 351 (Tex. App.–San Antonio 1992, pet, ref'd); *Miller v. State*, 687 S.W.2d 33, 39 (Tex. App.–Corpus Christi 1985); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Without a firm factual or legal basis to support these claims, appellate counsel had no basis to raise them on appeal. Appellate counsel's performance can therefore not suffice as "cause" for the state procedural default of claims 1, 4, 7-9, 12-13, that have been asserted by Prather herein.

As for the other claims the Texas Court of Criminal Appeals found to be procedurally defaulted, including Prather's claims that the jury was given a coercive *Allen* charge (claim 2), that the State engaged in the willful, bad faith destruction of exculpatory evidence (claim 3), that he was subjected to an unconstitutional search and seizure (claim 5), that evidence was obtained though an unlawful detention and arrest (claim 6), and that the appellate record was incomplete (claim 10), there has been no showing that any of those claims were viable claims that should have been raised on

appeal.  As such, for the reasons that follow, appellate counsel was not ineffective for failing to raise

claims 2, 3, 5, 6 and 10  on appeal, and appellate counsel's performance cannot suffice as cause to

excuse Prather's procedural default of those claims.

**No viable challenge could have been made to the "*Allen*" charge on appeal**

A supplemental jury instruction may be given to a jury that indicates its inability to reach a

unanimous verdict.  *Allen v. United States*, 164 U.S. 492 (1986); *Lowenfield v. Phelps*, 484 U.S. 231,

237 (1988).  In *Allen*, the Supreme Court approved of a following supplemental instruction which

stated:

> in substance, that in a large proportion of cases absolute certainty could not be
> expected; that, although the verdict must be the verdict of each individual juror, and
> not a mere acquiescence in the conclusion of his fellows, yet they should examine the
> question submitted with candor, and with a proper regard and deference to the
> opinions of each other; that it was their duty to decide the case if they could
> conscientiously do so; that they should listen, with a disposition to be convinced, to
> each other's arguments; that, if much the larger number were for conviction, a
> dissenting juror should consider whether his doubt was a reasonable one which made
> no impression upon the minds of so many men, equally honest, equally intelligent with
> himself. If, upon the other hand, the majority were for acquittal, the minority ought
> to ask themselves whether they might not reasonably doubt the correctness of a
> judgment which was not concurred in by the majority

*Allen*, 164 U.S. at 501.  To this day, courts use the type of supplemental instruction approved of by

the Court in *Allen*.  *See United States v. Fields*, 483 F.3d 313, 338-39 (5th Cir. 2007).

Here, the record shows that the jury was given a supplemental instruction after the trial court

received two notes from the jury asking for portions of certain trial testimony, and another note

asking for two of the State's exhibits.  The jury was charged in the supplemental instruction as

follows:

> Members of the jury, if this jury finds itself unable to arrive at a unanimous verdict,
> it will be necessary for the Court to declare a mistrial and discharge the jury.  The
> indictment will still be pending, and it's reasonable to assume that the case will be

tried again before another jury at some future time.  Any such future jury will be impaneled in he same way this jury has been impaneled and will likely hear the same evidence which has been presented to this jury.  The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope that the next jury will find these questions any easier to decide than you have found them.

With this additional instruction, you are required to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury.  If you cannot do so without violating your conscience, do not violate your conscience to do so, but continue deliberating.

S.F. Vol. 5, Trial on Merits, at 100-101.  The record shows no objection by Prather to the supplemental instruction.  An objection was required to preserve the issue for appeal.  TEX. R. APP. P. 33.1; *Bledsoe v. State*, 21 S.W.3d 615, 622 (Tex. App.–Tyler 2000, no pet.) (to preserve issue for appeal, issue raised with the trial court must comport with issue raised on appeal); *Boyd v. State*, 644 S.W.2d 857, 858-859 (Tex. App.–Tyler 1982, no pet.) (if no objection is made with the trial court, error is not preserved for appeal).  Given the absence of an objection, no viable challenge could have been made on appeal to the supplemental charge.  As such, there is no ineffectiveness of appellate counsel to serve as cause for Prather's procedural default of this claim.[5]

**No viable challenge could have been made on appeal as to allegedly withheld evidence**

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."  In order to prevail on a suppression of evidence claim, however, it must be shown that evidence was actually suppressed by the prosecution and that the suppressed

---

[5] In addition, the language of the supplemental instruction in Prather's case falls far from that allowed in *Allen*.  Moreover, " under the totality of the circumstances", the supplemental instruction was not " so coercive as to have unconstitutionally rendered the petitioner's trial fundamentally unfair."  *Montoya v. Scott*, 65 F.3d 405, 409 (5th Cir. 1995).

evidence was material. *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999) ("There are three components of a true *Brady* violation:  The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.").

Here, although Prather claims that the State withheld exculpatory evidence in the form of an audio and video surveillance tape of the modeling studio where was arrested, the record shows that the State had no such evidence and therefore could not have suppressed it.  Rene Flores testified at trial that the modeling studio had an audio and video surveillance system that would have captured both audio and video from both the lobby and the area outside the door of the modeling studio.  The record further shows that police did not request the surveillance tape and Flores testified that the tapes were recycled on a daily basis.  S.F. Vol. 5 at 24, 30-31.  Because the tape was not obtained, and was recycled on a daily basis, there is no evidence of a *Brady* violation, and appellate counsel had no basis for raising a *Brady* claim on appeal.

**No viable Fourth Amendment challenges could have been made on appeal**

In order to be reviewable, Fourth Amendment suppression issues must be preserved for appeal.  To do so,

> a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX.R. APP. P. 33.1(a). A defendant's appellate contention must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App.2002).  An objection stating one legal theory may not be used to support a different legal theory on appeal. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App.1995).

*Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App. – Houston [14th Dist.] 2008, pet. ref'd).

The record shows that Prather, on the first day of trial, filed a two-page "Motion to Suppress the Statement and Evidence obtained pursuant to the Statement."  Tr. 188-189.  While Prather

requested in the motion itself that a hearing be held, he did not orally request a hearing prior to any evidence being introduced.  In addition, he did not object to the evidence he claims should have been suppressed at the time it was offered and admitted.  Because Prather did not obtain a ruling on his motion and did not object to the evidence when it was introduced, he did not properly preserve any Fourth Amendment challenge, and appellate counsel had no viable Fourth Amendment issue to raise on appeal.  TEX. R. APP. P. 33.1; *Rothstein*, 267 S.W.3d at 373-74.  Accordingly, appellate counsel was not ineffective.

### No viable claim could have been made on appeal regarding the *Faretta* transcript

In one of the two claims raised on appeal, appellate counsel complained about the lack of a *Faretta* hearing.  The record, however, showed that a *Faretta* hearing was held, but that a transcript of the hearing was not initially prepared by the court reporter.  The appellate record was ultimately supplemented with that transcript.  *See* transcript "Pretrial Hearing, August 26, 2005" (filed January 4, 2007).  Because the record showed that a *Faretta* hearing was held, appellate counsel's failure to complain about the absence of the transcript had no affect on Prather's appeal.  Consequently, there is no ineffectiveness to suffice as cause for failure to complain about the absence of the transcript on appeal.

Because the Texas courts, in connection with Prather's state application for writ of habeas corpus, rejected claims 1-10 and 12-13 on the basis of state procedural defaults and because Prather has not established cause and prejudice for the procedural defaults and has made no showing that he is actually innocent of the offense at issue, claims 1-10, and 12-13, are procedurally barred from review in this § 2254 proceeding.

### B.    Ineffective Assistance of Appellate Counsel Claims

In the one claim that was not rejected by the Texas Court of Criminal Appeals on procedural grounds, Prather contends that his appellate counsel was ineffective for failing to raise the other claims alleged in this § 2254 proceeding on appeal.  Prather maintains, as discussed above, that appellate counsel's ineffectiveness suffices as "cause" for his state procedural defaults.  He also maintains that appellate counsel's ineffectiveness, in and of itself, affected his appeal.

The Texas Court of Criminal Appeals rejected Prather's ineffectiveness claims on the merits, finding and concluding as follows:

> 15.     Applicant fails to allege sufficient facts which, if true, would show that appellate counsel's conduct fell below an objective standard of reasonableness and that, but for appellate counsel's alleged deficient conduct, there is a reasonable probability that he result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining two-part *Strickland* standard); *Ex parte Butler*, 884 S.W.2d 782, 783 (Tex. Crim. App. 1994) (adopting *Strickland* standard in Texas for ineffective assistance of appellate counsel).

> 16.     The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of appellate counsel in the primary case.

*Ex parte Prather*, No. WR-31,418-05, at 81-82.

For the reasons set forth above, Prather's appellate counsel was not ineffective within the meaning of *Strickland*.  Accordingly, the Texas Court of Criminal Appeals' rejection of Prather's ineffectiveness assistance of appellate counsel claim is not contrary to or an unreasonable application of *Strickland*, and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Under § 22545(d), no relief is available to Prather on his ineffectiveness claim.

## C.     Complaints about the State Habeas proceeding

Prather complains, in connection with each of his claims, that the state habeas proceeding

17

provided insufficient review of his claims.  While Prather has not alleged a separate claim regarding the sufficiency of the State habeas proceeding, he does complain at length that he was not afforded a full and fair review.  To the extent Prather's allegations and arguments could be construed as setting forth a separate claim regarding the sufficiency of the State habeas proceeding, no relief would be available herein on such a claim.  *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2006) ("'[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court.'").  Moreover, to the extent Prather complains about the State habeas proceeding in an attempt to gain an evidentiary hearing on his claims, Prather has alleged no facts that would entitle him to such a hearing.  As set forth above, all but one of Prather's claims was rejected on the basis of state procedural defaults. In addition, as set forth above, there has been no showing of any cause and prejudice to overcome the procedural defaults.  Therefore, Prather's complaints about the State habeas proceeding, whether such complaints were intended to set forth a separate claim about the sufficiency of the State habeas proceeding, or further the thirteen other claims Prather asserted, are not cognizable in this § 2254 proceeding.

## VI.  Conclusion and Recommendation

Based on the foregoing and the conclusion that Prather's claims are either procedurally barred from review, or that no relief is available to Prather on the merits of his claims under § 2254(d) or otherwise, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 13) be GRANTED, that Petitioner's Federal Application for Writ of habeas Corpus (Document No. 1) be DENIED, and that this § 2254 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 18th day of June, 2009.

Frances H. Stacy
United States Magistrate Judge